IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| FINISHMASTER, INC., §<br>      Plaintiff, Counter-Defendant, §<br>§<br>v. §<br>§<br>RICHARD'S PAINT AND BODY SHOP, §<br>LLC D/B/A CUSTOM CAR CRAFTERS §<br>AND RICHARD W. WOOD, §<br>INDIVIDUALLY, §<br>      Defendants, Counter-Plaintiffs, §<br>§<br>-----------------------------------------------------§<br>RICHARD'S PAINT AND BODY SHOP, §<br>LLC D/B/A CUSTOM CAR CRAFTERS, §<br>      Consolidated Plaintiff, §<br>§<br>v. §<br>§<br>BASF CORPORATION AND §<br>FINISHMASTER, INC., §<br>      Consolidated Defendants, §<br>§<br>-----------------------------------------------------§<br>BASF CORPORATION, §<br>      Consolidated Counter-Plaintiff, §<br>§<br>v. §<br>§<br>RICHARD'S PAINT AND BODY SHOP, §<br>LLC D/B/A CUSTOM CAR CRAFTERS, §<br>      Consolidated Counter-Defendant. § | CAUSE NO. A-11-CA-560 AWA |

**ORDER**

Before the Court is Consolidated Plaintiffs Richard's Paint and Body Shop, L.L.C. d/b/a Custom Car Crafters and Richard W. Wood (RPBS)'s Corrected Motion for Leave to File Second Amended Complaint (Clerk's Doc. No. 99); Consolidated Defendants' Response in Opposition to Consolidated Plaintiffs' Motion to File Second Amended Complaint (Clerk's Doc. No. 100); and

RPBS's Reply (Clerk's Doc. No. 107).  In brief, RPBS alleges that the Consolidated Defendants made fraudulent representations about their product and it brings claims for breach of express and implied warranties, common law fraud, negligence, and violating the Deceptive Trade Practices Act. RPBS now requests leave to add a claim that the Consolidated Defendants' negligence damaged RPBS's reputation.[1]   The Consolidated Defendants oppose the amendment on two grounds: (1) the negligence claim lacks sufficient facts to support the claim; and (2) Texas's economic loss rule bars the negligence claim.  In its reply, RPBS argues that the economic loss rule is inapplicable in this case.  In effect, the Consolidated Defendants' argue that the amendment should not be allowed because it fails to state a claim upon which relief can be granted.

**I.      Legal Standard**

"Leave to amend [a complaint] should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) (internal citation omitted). However, a court may properly deny leave to amend a complaint if it determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its discretion when dismissing a motion to amend that is . . . futile.'") (internal citation omitted).  Thus, in deciding whether a proposed amendment would be futile, the court may look to whether it would be dismissed under Rule 12(b)(6).

---

[1]For a more complete background of the procedural history, see the transfer order from the previous case styling, 1:10-CV-897 LY, Clerk's Doc. No. 21.

Under Rule 12(b)(6), a complaint may be dismissed when it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to withstand a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Facial plausibility "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Nor is facial plausibility "akin to a 'probability requirement' "; rather, "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Facial plausibility requires "the plaintiff [to] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id.* (quoting *Twombly*, 550 U.S. at 557).

**II.   Economic Loss Rule**

The Defendants' futility argument focuses on the argument that the negligence claim is barred by the economic lass rule. The economic loss rule bars negligence claims in two instances: (1) when a plaintiff seeks economic losses stemming from a contract, and (2) when a plaintiff seeks

economic losses against the manufacturer or seller of a defective product when the defect causes damages only to the product and not to a person or other property. *Pugh v. General Terrazzo Sups.*, 243 S.W.3d 84, 90–91 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). In their motion, the Consolidated Defendants appear to conflate these two scenarios, and also appear to rely on a separate doctrine: a party to a contract may not sue in tort for something that is the subject matter of the contract. For example, the Consolidated Defendants state that "a plaintiff cannot recover economic losses resulting from a defective product based on a negligence theory." Clerk's Doc. No. 100 at 4. But in their string cite supporting this assertion, they include several cases holding that a party to a contract may only recover under contract law and not also under tort law. *E.g. id.* ("when plaintiff's alleged injury is 'only the economic loss to the subject of a contract itself, the action sounds in contract alone.'"). After the Defendants' first muddled paragraph, their main argument emerges: RPBS only seeks economic damages and therefore cannot recover under a negligence theory. RPBS's reply focuses on whether reputation damages are purely economic and not recoverable.[2]

The Defendants label RPBS's "damage to reputation" as purely an economic damage that can "relate only to its pocketbook." To support this claim, the Defendants cite to *Sanitarios Lamosa, S.A. de C.V. v. DBJL, Inc.*, No. Civ. A. H-04-22973, 2005 WL 2405923, at *4 (S.D. Tex. Sept. 29, 2005), for the proposition that a loss of business reputation is an economic loss that is not recoverable under a negligence theory. This case held that the economic loss rule precluded the plaintiff from pursuing negligence-based causes of action because the "plaintiff's allegations of lost good will and injury to business reputation do not allege personal injury or injury to property other

---

[2]To the extent that the Defendants are arguing that RPBS should be limited to contract claims the Court rejects that argument as not adequately raised and briefed in the response.

than the product sold." *Id.* In response, RPBS cites its own unpublished district court opinion, *Kinetic Concepts, Inc. v. Bluesky Medical Corp.*, No. SA-03-CA-0832-RF, 2005 WL 3068208, at *4 (N.D. Tex. Nov. 1, 2005), which stated that although "it is clear that damage to property is required, it is not clear that intangible property, such as goodwill, cannot be the property that is damaged."

Neither of these cases compel victory for the party who cited them. However, Texas's Third Court of Appeals recently issued an opinion that offers additional guidance on this question. In the case, Texas Disposal sued Waste Management for defamation, tortious interference with an existing prospective contract, business disparagement, and antitrust violations. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, No. 03-10-00826-CV, 2012 WL 1810215, at *1 (Tex.App.—Austin, May 18, 2012, no pet. h.). A jury determined that Waste Management published a document that contained false statements, and found the statements were made with actual malice; however, the jury did not award Texas Disposal damages. *Id.* The Third Court of Appeals remanded the case for a new trial based on the district court's failure to include an instruction on defamation per se in the jury charge, and on remand, the jury again found for Texas Disposal and this time awarded Texas Disposal its costs, damages to its reputation, and exemplary damages. *Id.* at *2. Waste Management appealed and argued that Texas Disposal was not permitted to recover reputation damages. In discussing the issue, the court of appeals discussed the Texas Supreme Court's opinion in *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002), and explained the differences between economic and non-economic damages. *Waste Mgmt. of Texas, Inc.*, 2012 WL 1810215, at *29. The court held that non-economic damages "cannot be determined with mathematical precision" and include reputation damages. *Id.* The court of appeals stated that a corporation may suffer non-pecuniary

5

losses, such as injury to its reputation, "similar in nature to that suffered by an individual—i.e., loss of standing, tarnished image—that did not result in a direct or readily measurable pecuniary loss." *Id.*

This case demonstrates that Texas law treats damage to reputation as a non-economic loss. Further, the Civil Practice & Remedies Code defines "noneconomic damages" to include "injury to reputation." TEX. CIV. PRAC. & REM. CODE § 41.001(12). As reputation damages are not purely economic, the economic loss rule does not bar RPBS from recovering them.

### III.   Insufficient Factual Allegations

The Consolidated Defendants also argue that leave to amend should be denied because RPBS simply recited the legal elements of a negligence claim and included "<u>no</u> facts on which it bases its claim." Clerk's Doc. No. 100 at 3. For RPBS to prevail on its negligent misrepresentation claim, it must demonstrate the following five elements: (1) The Defendants made a representation to RPBS in the course of the Defendants' business; (2) the Defendants provided false information; (3) the Defendants did not exercise reasonable care or competence in obtaining or communicating the information; (4) RPBS relied on the representation; and (5) the Defendants' negligent misrepresentation proximately caused RPBS's injury. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999).

Although the negligence section only contains a bare recital of a negligence claim—the Consolidated Defendants "owed a legal duty to exercise ordinary care in providing appropriate paint and the instructions on how to correctly mix, blend, and use the Paint" and that they "breached that duty, which directly and proximately caused injury to RPBS"—the facts section provides more information. Section 5.4 lists representations RPBS alleges the Consolidated Defendants made about

6

their product and support.  *See* Clerk's Doc. No. 99-2 at 3.  Further, RPBS claims that the Consolidated Defendants told them that it could terminate its contract with its current paint supplier, Tasco.  According to RPBS, it "terminated its contract with Tasco and began buying its products from BASF and FinishMaster."  *Id.*  Not only does RPBS claim that it had to pay a settlement to Tasco, but it also that claims that the Consolidated Defendants did not satisfy their promises regarding the paint and their support to RPBS.  *Id.* at 3–4.  This caused economic damages—RPBS had to repaint many vehicles—and it also "harmed RPBS's highly valuable relationships with insurance carriers and damaged its hard-earned brand."  *Id.* at 4.

Read as a whole, RPBS's proposed amended complaint contains sufficient factual allegations to state a claim for negligent misrepresentation under Texas law.  It lists the alleged false representations, RPBS's reliance on the representations, and the proximate injuries caused to RPBS.  Therefore, the Consolidated Defendants' motion to dismiss for failure to state a claim fails.

### III.    Conclusion

RPBS plead sufficient facts to allege a claim that is not clearly frivolous or legally insufficient on its face; therefore, the Plaintiffs' Corrected Motion for Leave to File Second Amended Complaint (Clerk's Doc. No. 99) is GRANTED.  The Clerk is directed to file with the papers of this case the Second Amended Complaint attached to the Corrected Motion.

SIGNED this 22nd day of June, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE