## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **FINISHMASTER, INC.,** | § | |
| **Plaintiff, Counter-Defendant,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RICHARD'S PAINT AND BODY SHOP,** | § | |
| **LLC D/B/A CUSTOM CAR CRAFTERS** | § | |
| **AND RICHARD W. WOOD,** | § | |
| **INDIVIDUALLY,** | § | |
| **Defendants, Counter-Plaintiffs,** | § | |
| | § | |
| ---------------------------------------------------------- | § | |
| **RICHARD'S PAINT AND BODY SHOP,** | § | |
| **LLC D/B/A CUSTOM CAR CRAFTERS,** | § | |
| **Consolidated Plaintiff,** | § | **NO. A-11-CA-560 AWA** |
| | § | |
| **v.** | § | |
| | § | |
| **BASF CORPORATION AND** | § | |
| **FINISHMASTER, INC.,** | § | |
| **Consolidated Defendants,** | § | |
| | § | |
| ---------------------------------------------------------- | § | |
| **BASF CORPORATION,** | § | |
| **Consolidated Counter-Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **RICHARD'S PAINT AND BODY SHOP,** | § | |
| **LLC D/B/A CUSTOM CAR CRAFTERS,** | § | |
| **Consolidated Counter-Defendant.** | § | |

## <u>ORDER</u>

Before the Court are Consolidated Plaintiffs Richard's Paint and Body Shop, L.L.C. d/b/a

Custom Car Crafters, and Richard W. Wood (RPBS)'s Motion for Summary Judgment on Non-

Contract Counterclaims and Contractual Disclaimer Defense (Clerk's Doc. No. 114); Consolidated

Defendants' Opposition to Plaintiffs' Motion for Summary Judgment on Non-Contract

Counterclaims and Contractual Disclaimer Defense (Clerk's Doc. No. 121); and RPBS's Reply (Clerk's Doc. No. 126). The Defendants also filed a Motion for Summary Judgment (Clerk's Doc. No. 116), RPBS filed a Response (Clerk's Doc. No. 123), and the Defendants filed a Reply (Clerk's Doc. No. 127).

RPBS's motion for summary judgment attacks the Defendants' conversion counterclaim and their quasi-contractual claims (quantum meruit, money had and received, and unjust enrichment). RPBS also seeks to prevent the Defendants from asserting the affirmative defenses of express and contractual disclaimers. In return, the Defendants move for summary judgment against RPBS's DTPA claim and its warranty claims. Further, the Defendants argue that the economic loss rule bars RPBS's fraud claim. The Defendants also contend that RPBS lacks the capacity to sue because Custom Car Crafters is operating under an expired assumed name. Finally, the Defendants request summary judgment on their breach of contract claims.

## I.      Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court

"may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

## II.   RPBS's Motion for Summary Judgment

### 1.   The Defendants' Conversion Claim

"Conversion is the wrongful exercise of dominion and control over another's property in denial of or inconsistent with the property owner's rights." *Edlund v. Bounds*, 842 S.W.2d 719, 727 (Tex. App.—Dallas 1992, writ denied).   The Defendants base their conversion claim on the "Contract Fulfillment Consideration" provision contained in ¶ 3 of the parties' Requirements Agreement.  Under that provision, BASF paid RPBS $220,000 "in consideration of [RPBS] fulfilling all of its obligations under th[e] Agreement for the entire Term."   The provision sets forth the conditions under which the $220,000 must be repaid.   Defendants contend that the Agreement requires RPBS to repay some or all of this amount, and RPBS's refusal to do so amounts to a conversion of these monies.

In general, currency cannot be the subject of conversion, as it is fungible and can be repaid by other bills and notes.   *Edlund*, 842 S.W.2d at 727.   The Defendants argue that this rule does not apply here, because the monies at issue were designated for a particular use.   But the case law they rely on is inapposite. To maintain a conversion claim involving currency, a party must demonstrate that the money was (1) delivered for safekeeping, (2) intended to be segregated, (3) remained in substantially in the form in which it was received, and (4) not subject to a title claim by the keeper. *In re Schreiber*, 466 B.R. 903, 917 (S.D. Tex. 2012) (citing *Edlund*).   The Defendants plainly cannot satisfy these elements, and therefore their conversion claim fails.

3

### 2.    The Defendants' Quasi-Contract Claims

The Defendants bring three quasi-contract claims: quantum meruit, money had and received, and unjust enrichment.  As with their conversion claim, by these claims Defendants seek to recover the money BASF paid to RPBS under the Requirements Agreement.   But when a valid contract between parties exists, these types of claims are unavailable and foreclosed.  *See Vortt Exploration Co., Inc. v. Chevron U.S.A.*, 787 S.W.2d 942, 944 (Tex. 1990) ("Generally, a party may recover under quantum meruit only when there is no express contract covering the services or materials furnished.").  The Defendants attempt to escape this rule by claiming that RPBS disputes the validity of the contract.  This is incorrect.  RPBS argues that BASF breached the agreement first, thereby excusing RPBS's performance.  The contract between the parties clearly spells out the parties' rights and obligations with regard to the "Contract Fulfillment Consideration," and whether any sums must be repaid by RPBS will be governed by the terms of that agreement.  As a result, BASF cannot maintain a claim for quantum meruit, money had and received or unjust enrichment, but rather must pursue its claim against RPBS for the $220,000 under a breach of contract theory.

### 3.    The Defendants' Affirmative Defense

The Defendants have pled as an affirmative defense that they disclaimed any warranties regarding their paint, and thus the Plaintiff may not sue for breach of warranty.  Plaintiff seeks summary judgment on this claim, contending that the disclaimer was invalid.  Under New Jersey law, express disclaimers of implied warranties must be written and conspicuous.  *See* N.J. STAT. ANN. § 12A:2-316.  Determining whether a disclaimer was "conspicuous" is a fact-intensive inquiry, and the record before the Court is incomplete.  For example, the Court has a portion of a safety data sheet with a disclaimer on page 7, but the record does not include the first six pages of the document.

4

RPBS/BASF-000259.  Also absent from the record is evidence regarding the timing of these alleged

disclaimers, and the context in which the disclaimers were made.  Therefore, even though this is an

issue for the Court to decide, the Court must defer this issue until it has heard further evidence on

this issue at trial.

## III.   Defendants' Motion for Summary Judgment

### 1.   RPBS's Texas Deceptive Trade Practices Act Claim

The Defendants claim that RPBS cannot maintain a claim under Texas's DTPA because the

transaction exceeds $500,000.  In response, RPBS stated it was withdrawing its claim under the

DTPA.  Therefore, the Court GRANTS the Defendants' motion for summary judgment on RPBS's

claim under the Texas DTPA.[1]

### 2.   RPBS's Warranty Claims

The Defendants also move for summary judgment on RPBS's warranty claims.  To prove that

the Defendants breached an express warranty, RPBS must demonstrate that there was a warranty,

the Defendants breached it, and that the Defendants' breach caused its loss.  *A-Leet Leasing Crop.

v. Kingshead Corp.*, 375 A.2d 1208, 1212 (N.J. App. Div. 1977); *Frantz v. Cantrell*, 711 N.E.2d

856, 860 (Ind. Ct. App. 1999).  There are legions of fact issues on this claim, and summary judgment

is plainly inappropriate on this claim.

### 3.   RPBS's Fraud Claim

The Defendants argue that RPBS cannot sue for fraud because RPBS is simply arguing under

a tort theory that the Defendants breached the contract.  Further, the Defendants claim that RPBS

---

[1]The Court DENIES the Defendants' request for attorneys fees incurred in defending against
this claim.

cannot maintain a fraud claim because they seek purely economic damages.  As discussed in its previous order granting RPBS's motion to amend its complaint, Clerk's Doc. No. 119, Texas law allows plaintiffs to seek reputation damages in tort while also seeking contract damages.  *Waste Mgmt. of Texas, Inc.*, 2012 WL 1810215, at *29.  Further, the Texas Supreme Court has made it clear that a fraudulent inducement claim may be brought regardless of whether the promise at issue was later subsumed within a contract.  *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 46-47 (Tex. 1998).  Therefore, the Court DENIES the Defendants' motion for summary judgment on RPBS's fraud claim.

### 4.    Custom Car Crafters's Capacity to Sue

The Defendants' argue that all of RPBS's claims must be dismissed because the registration for the assumed name under which RPBS operated—Custom Car Crafters—has expired, and Texas law prevents parties with an expired assumed name from maintaining "an action or proceeding arising out of a contract or act in which an assumed name was used until an original, new, or renewed certificate has been filed."  TEX. BUS. & COM. CODE ANN. § 71.201.  The Court is unpersuaded by this argument for several reasons.  First, the suit is not being brought under an assumed name.  Rather, it is brought in the name of the real party in interest—"Richard's Paint and Body Shop, LLC."  So it is less than clear whether the statute has any application to this case.  Second, Texas law provides that the correct manner to raise this issue is through a motion to abate the case, giving the party the opportunity to cure the problem.  *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 55 (Tex. 2003) ("This provision authorizes a court to abate an action until the certificate is filed.  Under the Act's plain language, failure to file an assumed name certificate does not render a plaintiff's claim void.").  Thus, Defendants' request that the Court dismiss the case on

6

this basis is meritless.  Finally, the issue is moot.  Last month, RPBS filed a new registration certificate and the Texas Secretary of State accepted it.   The Court will DENY the motion for summary judgment on this point.

5.      **The Defendants' Breach of Contract Claims**

Finally, both Defendants request summary judgment against RPBS on their breach of contract claims.  As noted, RPBS responds that its performance under the Agreement was excused by the Defendants' prior breach.  There are numerous fact issues in dispute on these claims which must be resolved by a jury.  The Court therefore DENIES the Defendants' motion for summary judgment on their breach of contract claims.

**IV.     Conclusion**

The Court GRANTS the Plaintiffs' Motion for Summary Judgment (Clerk's Doc. No. 114) with regard to the Defendants' conversion claim, as well as the quantum meruit, money had and received, and unjust enrichment claims, and those claims are DISMISSED WITH PREJUDICE.

The Court also GRANTS the Defendants' Motion for Summary Judgment (Clerk's Doc. No. 116) with regard to the Plaintiffs' claim under the Texas Deceptive Trade Practices Act, and that claim is also DISMISSED WITH PREJUDICE.

In all other respects, the Plaintiffs' Motion for Summary Judgment (Clerk's Doc. No. 114) and the Defendants' Motion for Summary Judgment (Clerk's Doc. No. 116) are DENIED.

SIGNED this 6th day of July, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE