IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FINISHMASTER, INC.,** § | | |
|    Plaintiff, Counter-Defendant, § | | |
| § | | |
| v. § | | |
| § | | |
| **RICHARD'S PAINT AND BODY SHOP,** § | | |
| **LLC D/B/A CUSTOM CAR CRAFTERS** § | | |
| **AND RICHARD W. WOOD,** § | | |
| **INDIVIDUALLY,** § | | |
|    Defendants, Counter-Plaintiffs, § | | |
| § | | |
| ---------------------------------------------------------§ | | |
| **RICHARD'S PAINT AND BODY SHOP,** § | | |
| **LLC D/B/A CUSTOM CAR CRAFTERS,** § | | |
|    Consolidated Plaintiff, § | **NO. A-11-CA-560 AWA** | |
| § | | |
| v. § | | |
| § | | |
| **BASF CORPORATION AND** § | | |
| **FINISHMASTER, INC.,** § | | |
|    Consolidated Defendants, § | | |
| § | | |
| ---------------------------------------------------------§ | | |
| **BASF CORPORATION,** § | | |
|    Consolidated Counter-Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **RICHARD'S PAINT AND BODY SHOP,** § | | |
| **LLC D/B/A CUSTOM CAR CRAFTERS,** § | | |
|    Consolidated Counter-Defendant. § | | |

## **ORDER**

    Before the Court is the Consolidated Defendants' Motion to Dismiss Count 2 of Plaintiffs' Second Amended Complaint and to Dismiss All Claims Alleged by Plaintiff Richard Wood (Clerk's Doc. No. 131).

The Defendants move to dismiss the Plaintiffs' negligence claim (count two) as barred under two different theories: (1) the statute of limitations, and (2) the economic loss rule. The Court previously rejected the Defendants' statute of limitations argument contained in their motion for summary judgment, Clerk's Doc. No. 129 at 6–7, and their economic loss rule argument contained in their opposition to the Plaintiffs' motion for leave to file a second amended complaint. Clerk's Doc. No. 119 at 3–6. Although persistent, they are not persuasive, and the Court again rejects the Defendants' arguments.

## I.   Statute of Limitations

Richard's Paint and Body Shop (RPBS) does business as Custom Car Crafters (CCC), and RPBS has filed an assumed name certificate to that effect. However, when the lawsuit commenced—October 20, 2010—CCC's certificate had expired.[1] Under Texas law, a company "may not maintain in a court of this state an action or proceeding arising out of a contract or act in which an assumed name was used until an original, new, or renewed certificate has been filed as required by this chapter." TEX. BUS. & COM. CODE ANN. § 71.201(a). And in this case, RPBS is referred to as "Richard's Paint & Body, LLC, d.b.a. Custom Car Crafters" in the contracts with the Defendants. *E.g.* Defendants' Motion Exh. 2 at 1. RPBS refiled its assumed name certificate for CCC last month.

According to the Defendants, RPBS could not file suit for claims arising out of its contracts entered into under CCC's name until it had a valid assumed name certificate, which was not until last month. And if that is the case, then RPBS's claims are barred by the two-year statute of

---

[1] The certificate expired on October 5, 2009.

limitations because its claims arose "before May 28, 2010, by virtue of BASF's breach." Defendants' Motion at 4.

First, it is unclear whether this rule is procedural or substantive. Under the *Erie* doctrine, the Court looks to state law in determining the substantive law governing the claims, but it looks to federal law in determining the procedural law. *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003). Additionally, the statute proscribes suits "in a court of this state," while this is a court of the United States. Further, assuming the rule is substantive, the Texas Supreme Court has previously allowed an entity to maintain a lawsuit under the name of its alias, even though the entity never filed an assumed name certificate. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53 (Tex. 2003). The Texas Supreme Court concluded that the evidence supported the entity's claim that it used the alias as an assumed name; therefore, the alias's lawsuit was effective to commence suit on behalf of the entity. *Id.* at 53. And the Fifth Circuit has indicated that it "is possible for partnerships to cure the lack of capacity [created by TEX. BUS. & COM. CODE ANN. § 71.201(a)] by belatedly filing a certificate." *Advanced Nano Coatings, Inc. v. Hanafin*, No. 10-20865, 2012 WL 1957895, at *5 (5th Cir. 2012) (per curiam). In that case, the district court recognized that a partnership could cure the defect by filing an assumed name certificate just two weeks before trial. *Id.*

For all of the reasons set forth above, the Court rejects the Defendants' argument. Moreover, at all times during the pendency of this lawsuit, the Defendants knew who the real parties were, and to allow them to escape at the 11th hour on this ground would be inequitable. Because RPBS refiled its certificate, § 71.201(a) does not bar its claims.

**II.     Economic Loss Rule**

The Defendants claim that they do not "seek to reargue" the Court's previous determination that the economic loss rule bars RPBS's negligence claim but bring the argument to preserve it for appeal. Motion at 5. As the Defendants do not present new arguments and raise the issue merely to preserve it on appeal, the Court will not regurgitate its prior analysis and will stand by its order of June 22, 2012.

**III.    Richard Wood's Standing**

Finally, the Defendants contest Richard Wood's capacity to sue as a party in interest. This is the first time that the Defendants have raised this argument, despite the fact that trial is only a month away. Given this tardiness, the Court will deny the Defendants' motion to dismiss his claims for lack of standing without prejudice to being raised in a Rule 50 motion at the appropriate time.

**III.    Conclusion**

The Court HEREBY DENIES the Consolidated Defendants' Motion to Dismiss Count 2 of Plaintiffs' Second Amended Complaint and to Dismiss All Claims Alleged by Plaintiff Richard Wood (Clerk's Doc. No. 131).

SIGNED this 18th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE