IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FINISHMASTER, INC.,<br>    Plaintiff, Counter-Defendant,<br><br>v.<br><br>RICHARD'S PAINT AND BODY SHOP,<br>LLC D/B/A CUSTOM CAR CRAFTERS<br>AND RICHARD W. WOOD,<br>INDIVIDUALLY,<br>    Defendants, Counter-Plaintiffs,<br>------------------------------------------------------<br>RICHARD'S PAINT AND BODY SHOP,<br>LLC D/B/A CUSTOM CAR CRAFTERS,<br>    Consolidated Plaintiff,<br><br>v.<br><br>BASF CORPORATION AND<br>FINISHMASTER, INC.,<br>    Consolidated Defendants,<br>------------------------------------------------------<br>BASF CORPORATION,<br>    Consolidated Counter-Plaintiff,<br><br>v.<br><br>RICHARD'S PAINT AND BODY SHOP,<br>LLC D/B/A CUSTOM CAR CRAFTERS,<br>    Consolidated Counter-Defendant. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | NO. A-11-CA-560 AWA |

**ORDER**

Before the Court are Richard's Paint and Body Shop's Motion to Open and Close (Clerk's Doc. No. 143); BASF Corporation and FinishMaster's Response in Opposition (Clerk's Doc. No. 144); and Richard's Paint and Body Shop's Reply (Clerk's Doc. No. 147). On August 2, 2012, the Court held a hearing on the motion, and after hearing the parties' arguments and considering the

briefs and applicable law, the Court determined that Richard's Paint and Body Shop should open and close the evidence.

The Court has wide discretion on these matters. *Moreau v. Oppenheim*, 663 F.2d 1300, 1311 (5th Cir. 1981) ("The matter of a court's allocation of the right to open and close . . . does not go to the merits of a controversy and has long not been the subject of writ of error, even when coupled with the denial of requested party realignment.") (citing *Day v. Woodworth*, 54 U.S. 363, 370 (1851)).  In this case, either party could arguably be considered the plaintiff.  Both parties have causes of action where they have the burden of proof, unlike the typical case where one party attempts to prove a claim while the other party attempts to disprove it or present an affirmative defense.  Both parties affirmatively filed lawsuits against the other, and those cases are now consolidated before this court.  However, RPBS bears the burden on most of the claims in this case: its tort claims, warranty claims, and whether the paint's alleged defects breached the contract.  This will take up the majority of the time at trial, and most of the witnesses will testify on these issues. BASF and FinishMaster can present their contract claim in a shorter period of time.

Further, allowing RPBS to present its case is more consistent chronologically with the events underlying this dispute.  First, RPBS claims that BASF and FinishMaster induced it to breach RPBS's contract with its previous paint supplier. RPBS alleges that BASF and FinishMaster further misrepresented their product in inducing RPBS to enter into the contract.  Next, RPBS claims that after entering into the contract, the paint breached the warranties of fitness and merchantability and caused harm to its reputation.  Only then, when RPBS bought paint from a different supplier, does BASF and FinishMaster contend that RPBS breached its contract.

In light of these factors, the Court will allow RPBS to open and close. The Court HEREBY GRANTS Richard's Paint and Body Shop's Motion to Open and Close (Clerk's Doc. No. 143). In accordance with Local Rule CV-16(g), RPBS shall label its exhibits with a "P" and BASF and FinishMaster shall label their exhibits with a "D."

SIGNED this 2nd day of August, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE