IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **FINISHMASTER, INC.,** § | | |
| Plaintiff, Counter-Defendant, § | | |
| § | | |
| v. § | | |
| § | | |
| **RICHARD'S PAINT AND BODY SHOP,** § | | |
| **LLC D/B/A CUSTOM CAR CRAFTERS** § | | |
| **AND RICHARD W. WOOD,** § | | |
| **INDIVIDUALLY,** § | | |
| Defendants, Counter-Plaintiffs, § | | |
| § | | |
| ------------------------------------------------------- § | | |
| **RICHARD'S PAINT AND BODY SHOP,** § | | |
| **LLC D/B/A CUSTOM CAR CRAFTERS,** § | | |
| Consolidated Plaintiff, § | NO. A-11-CA-560 AWA | |
| § | | |
| v. § | | |
| § | | |
| **BASF CORPORATION AND** § | | |
| **FINISHMASTER, INC.,** § | | |
| Consolidated Defendants, § | | |
| § | | |
| ------------------------------------------------------- § | | |
| **BASF CORPORATION,** § | | |
| Consolidated Counter-Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| **RICHARD'S PAINT AND BODY SHOP,** § | | |
| **LLC D/B/A CUSTOM CAR CRAFTERS,** § | | |
| Consolidated Counter-Defendant. § | | |

**ORDER**

Before the Court are Plaintiffs' Motion in Limine (Clerk's Doc. No. 169); Defendants' Response (Clerk's Doc. No. 195). On August 17, 2012, the Court held the final pretrial conference and heard argument on the motion. In the motion, the Plaintiffs seek to preclude the Defendants

from calling four categories of witnesses: (1) two BASF employees; (2) representatives from insurance companies (Nationwide and Allstate) that use Custom Car Crafters, (3) owners of other body shops operating in Texas that use BASF's paint, and (4) former customers of Customer Car Crafters.

With regard to the BASF employees, Michael Carroll and Anthony Dyach, the Court will grant the motion. Both are allegedly knowledgeable about matters related to certain written representations made by BASF to Plaintiffs regarding the paint at issue. Neither was ever listed on a Rule 26 disclosure, a list of persons with relevant knowledge, or a preliminary witness list. The Plaintiffs have been alleging since the outset of this case that BASF made misrepresentations to them, and thus BASF has been on notice from the beginning of the case that persons with information on this point would be relevant trial witnesses. The fact that counsel did not identify the most appropriate BASF witnesses on this point until very recently is not good cause to excuse the obligation to have identified these individuals earlier.

Plaintiffs also object to three Nationwide Insurance employees (Shawn Albert, Lee Corbin, and Kevin McNeill), as well as two Allstate Insurance employees (Robert Novack and Preston Pavlu). All five would be testifying regarding whether the Plaintiffs lost business from the two insurance companies as a result of the paint problems Plaintiffs allege they experienced. Again, the Plaintiffs have been asserting since the outset of the case that it suffered economic damage because, among other things, they lost business from insurance companies. Indeed, in their Rule 26 disclosures, Plaintiffs identified employees of both Allstate and Nationwide as individuals likely to have discoverable information to support the Plaintiffs' claims. Rule 26 Initial Disclosures of RPBS and Richard Woord at I.7 and I.8 (filed in Indiana case). Thus, BASF was on notice that employees

of both insurance companies might have relevant knowledge of these issues, and it should have investigated earlier than August of 2012 whether Allstate or Nationwide employees (other than those listed in the initial disclosures) should be called as trial witnesses. On this basis, the Court will grant Plaintiffs' motion as to Lee Corbin, Kevin McNeill, Robert Novack, and Preston Pavlu. With regard to Shawn Albert, however, because Plaintiffs themselves identified Albert in the initial disclosures as a person with discoverable information, the Court will permit BASF to call him as a witness at trial.

Next, the Court will deny the Plaintiffs' motion with respect to their former customers David Baugh and Cynthia Gibson. The Plaintiffs allege that more than 300 customers received unsatisfactory paint jobs due to the Defendants' defective paint. The Plaintiffs' recently-produced summary chart included both of these customers. This is sufficient to allow Defendants to call Baugh and Gibson as trial witnesses, despite not having previously listed them as witnesses.

The Court will also deny the Plaintiffs' motion with respect to the body shop owners, Robert Walne and Gerald Condon. Although Walne and Condon were not on the designated witness list, the Defendants did provide their shop names to the Plaintiffs in response to the Plaintiffs' interrogatories. It is apparent from the fact that they sent the interrogatory that the Plaintiffs understood the importance of testimony from other body shop owners in Texas using BASF's paint, and had reason to investigate that issue. Further, the Defendants' response to the interrogatory provided the names of body shops in Texas using the relevant BASF paint, and the list included the shops owned by Walne and Condon. Plaintiffs were thus on sufficient notice of both men's potential status as trial witnesses so as to allow Defendants to call them.

ACCORDINGLY, Plaintiffs' Motion in Limine (Clerk's Doc. No. 169) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

SIGNED this 17th day of August, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE