**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD'S PAINT AND BODY SHOP,** | § | |
| **LLC D/B/A CUSTOM CAR CRAFTERS** | § | |
| **and RICHARD W. WOOD,** | § | |
| **Plaintiffs, Counter-Defendants** | § | |
| | § | |
| **v.** | § | **NO. A-11-CA-560 AWA** |
| | § | |
| **BASF CORPORATION AND** | § | |
| **FINISHMASTER, INC.,** | § | |
| **Defendants, Counter-Plaintiffs** | § | |

## ORDER

Before the Court is the Defendants' Oral Motion for Judgment as a Matter of Law with regard to all of Plaintiffs' claims, pursuant to Federal Rule of Civil Procedure 50(a), presented to the Court at the close of the Plaintiffs' evidence on August 27, 2012. The Court made oral rulings on the motion on the record. This order is entered to memorialize those rulings.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 50(a) instructs that a grant of judgment as a matter of law ("JMOL") is proper where "a party has been fully heard on an issue during jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." In assessing a Rule 50(a) motion, the Court must "review all of the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence." *Ellis v. Weasler Engineering*, 258 F.3d 326, 337 (5th Cir. 2001); *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 150 (2000). These limitations are imposed because "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves*, 530 U.S. at

150–51. The motion should be granted where the evidence so strongly favors one party that a "reasonable trier of fact could not arrive at a contrary verdict." *Turner v. Purina Mills, Inc.*, 989 F.2d 1419, 1421 (5th Cir. 1993). Although the federal standards of review apply, a court sitting in diversity, as here, "refers to state law for the kind of evidence that must be produced to support a verdict." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011).

## II.  ANALYSIS

As stated on the record on August 27, 2012, the Court made the following rulings on the Defendants' JMOL:

### A.   Richard Wood's Claims

Although Richard W. Wood was named a plaintiff in this case, he failed to present any evidence which would support a claim for relief on his behalf individually.  Although Mr. Wood signed the Agreements with Defendant FinishMaster Inc., and BASF Corporation, he did so as an officer of his company—Richard's Paint and Body Shop LLC—which was the party to the Agreements.  *See* Exhibits P-13 and P-14.[1]  Because Mr. Wood was not a party to the contract, he is unable to assert any contractual or quasi-contractual claims in this case under either New Jersey or Indiana Law.  *See Medical Society of New Jersey v. AmeriHealth HMO, Inc.,* 868 A.2d 1162, 1170 (App. Div. 2005) (association lacked standing to assert claims for breach of contract and breach of the duty of good faith and fair dealing where it was not a party to the contracts or an assignee of the contractual rights); *City of Indianapolis v. Kahlo*, 938 N.E.2d 734, 742 (Ind. Ct. App. 2010) ("Normally, one who is not a party to a contract has no standing to enforce it").

---

[1]The only capacity in which Mr. Wood acted as an individual in the transaction was in acting as a guarantor of his company's obligations under the Agreement with FinishMaster.  *See* Exhibit P-13 at p.4.

In addition, Mr. Wood failed to introduce any evidence showing that he has a claim for fraud separate and apart from the claim asserted by RPBS.  Based upon the foregoing, the Court **GRANTED** Defendants' JMOL with regard to Plaintiff Richard Wood.

**B.**    **Negligence Claim**

To establish a claim of negligence under Texas law, evidence must be produced to establish a duty, a breach of that duty, and damages proximately caused by the breach.  See *Werner v. Colwell*, 909 S.W.2d 866, 869 (Tex. 1995).  RPBS failed to introduce any evidence to support any of these elements of negligence.  Specifically, it failed to demonstrate that Defendants owed a duty to RPBS beyond Defendant's obligations under the Agreements.  *See Myers v. Ford Motor Credit Co.*, 2010 WL 2730640 at * 3 (N.D. Tex. July 8, 2010); *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991). Further, RPBS failed to introduce any evidence of the standard of care in the auto paint industry with regard to this claim.  Based upon the foregoing, Defendants' JMOL with regard to Plaintiff's negligence claim was **GRANTED**.

**C.**    **Breach of Express Warranty Claim**

RPBS failed to introduce sufficient evidence to support its breach of express warranty claims under either New Jersey or Indiana Law.[2]  RPBS was unable to identify any express warranty it contended was breached, and failed to demonstrate that the merger clause contained in each of the Agreements did not supersede any express warranty that might have been made.  Accordingly, Defendants' JMOL with regard to Plaintiff's Breach of Express Warranty claims was **GRANTED**.

---

[2]The parties have stipulated that Plaintiff's contract with BASF is governed by New Jersey law, whereas Plaintiff's contract with FinishMaster is governed by Indiana law.  *See* Advisory to the Court (Clerk's Docket No. 157).  Plaintiff's tort claims are governed by Texas law.

**D.      Damages for Injury to Business Reputation**

RPBS failed to produce any evidence to support its claim that it suffered injury to its business reputation among the general public. While it did introduce some evidence with regard to its alleged injury to its reputation with insurance companies and their direct repair programs, it failed to present any evidence or testimony that demonstrated its reputation was damaged in any other arena, and specifically with the general public.  Defendant's JMOL on this issue was thus **GRANTED IN PART** and **DENIED IN PART**.

**E.      Plaintiff's Fraud Claim**

The elements of fraud under Texas law are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.  *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of America*, 341 S.W.3d 323, 337 (Tex. 2011).  The Court found that Plaintiff introduced sufficient evidence and testimony to support or its fraud claim and claim for punitive damages with regard to that claim.  Accordingly, the Defendant's JMOL with regard to Plaintiff's fraud claim was **DENIED**.

SIGNED this 12th day of September, 2012.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE