**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RICHARD'S PAINT AND BODY SHOP,** | § | |
| **LLC D/B/A CUSTOM CAR CRAFTERS** | § | |
| **Plaintiff, Counter-Defendant** | § | |
| | § | |
| **v.** | § | **NO. A-11-CA-560 AWA** |
| | § | |
| **BASF CORPORATION AND** | § | |
| **FINISHMASTER, INC.,** | § | |
| **Defendants, Counter-Plaintiffs** | § | |

**ORDER**

Before the Court are: Defendants' Motion Concerning Scope of New Trial, filed on December 26, 2012 (Clerk's Docket No. 264); Plaintiff's Response Concerning Scope of New Trial, filed on January 7, 2013 (Clerk's Docket No. 268); and Defendants' Reply, filed on January 10, 2013 (Clerk's Docket No. 270). On January 11, 2013, the Court conducted a hearing and heard argument from counsel regarding the scope of the new trial. After reviewing the relevant case law, the parties' briefs and the parties' oral argument, the Court makes the following rulings.

On November 5, 2012, the Court granted in part and denied in part Defendants' Rule 49 Motion for a New Trial. After finding that the Jury's answers to the fraud questions (Questions Three and Six) were in direct conflict with the Jury's answers on the excuse questions (Questions Seven and Nine)—since both questions required the Jury to find that BASF and FinishMaster made a material false misrepresentation to CCC—the Court ordered a new trial on CCC's affirmative fraud claim and its fraud defenses to BASF and FinishMaster's breach of contract counterclaims. However, the Court denied Defendants' Motion for a New Trial as to the breach of warranty claims since there was no conflict as to those issues.

Defendants' Motion Concerning the Scope of the New Trial argues that the new trial should apply to all of the claims in the case.  The Court disagrees.

Under Federal Rule of Civil Procedure 59 the court may "grant a new trial on all *or some of the issues*—and to any party."  Fed. R. Civ. P. 59 (a)(1)(A) (emphasis added).  Rule 59 was written in light of the Supreme Court's decision in *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494 (1931), and of state practices of allowing partial new trials.  11 FED. PRAC. & PROC. CIV. § 2814 (3d ed.).  "Thus, it recognizes the court's power to grant a partial new trial." *Id.*

> It therefore now may be regarded as settled that if an error at the trial requires a new trial on one issue, and this issue is separate from the other issues in the case and the error did not affect the determination of the other issues, the scope of the new trial may be limited to the single issue. Perhaps the most common example is the grant of a new trial limited to damages when liability has been properly determined, but there also may be a new trial on liability with the prior determination of damages allowed to stand. There also may be a new trial on some elements of liability but not all, on comparative negligence, or on any other separable matters. A partial new trial will not be granted to try a new issue that was not litigated at the first trial, however.

*Id.*  One limitation on the power to grant a partial new trial is that "it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Id.* (citing *Gasoline Products*, at 500.)  Thus, if the issues are sufficiently interwoven, a partial new trial is inappropriate.  "The court must consider the totality of the circumstances in determining realistically whether all issues need to be retried even though the immediate impact of the error complained of was on a particular issue."  *Id.*

After considering the "totality of the circumstances," the Court finds that a partial new trial is appropriate in this case.  *See Davidson Oil Country Supply Co. v. Klockner, Inc.*, 917 F.2d 185, 187 (5th Cir. 1990) ("a court must consider the totality of the circumstances in determining realistically whether all issues need to be retried").  The Court finds that the implied warranty claims

are distinct and separable from the fraud-related claims in this case, and they involved different evidence and issues.  When a new trial is needed on distinct and separable claims—like the fraud claims here—it is entirely appropriate for the court to order only a partial new trial.  *See Auster Oil & Gas, Inc. v. Stream*, 835 F.2d 597, 604 at n.6 (5th Cir.) (remanding for a new trial on the issue of punitive damages only)*, cert. denied*, 488 U.S. 848 (1988);  *Maxey v. Freightliner Corp.*, 727 F.2d 350, 352 (5th Cir. 1984) (ruling that the new trial should be limited to the issue of exemplary damages); *Hadra v. Herman Blum Consulting Eng'rs*, 632 F.2d 1242, 1245 (5th Cir. 1980) (rejecting argument that the district court erred in granting new trial only as to the issue of damages arising from breach of contract), *cert. denied*, 451 U.S. 912 (1981);  *Guidry v. Ken Mfg. Co.*, 598 F.2d 402, 407 (5th Cir. 1979) (remanding case for retrial on just the cross-claim for contribution), *cert. denied*, 445 U.S. 929 (1980).

The Court also rejects Defendants' argument that a new jury would be prohibited under the Seventh Amendment from ruling on the issue of compensatory damages.  It is important to emphasize that *all* parties agreed that the damages CCC suffered from any breach of warranty were the very same damages it suffered from any fraud—the cost of repairing defective paint and lost profits from lost customers.  In fact, Defendants requested that the Court instruct the jury that compensatory damages were the proper measure of recovery for both the breach of warranty and fraud claims.  *See* Defendants' Proposed Instructions (Clerk's Doc. No. 170).  Moreover, when the Court submitted a single damage question for all three of the liability theories sent to the jury, the Defendants did not object.  *See* Trial Tr., Vol. VIII at p. 26-36 (Clerk's Doc. No. 259).  In addition, the Court notes that there will be no need for the second jury to revisit the first jury's damage award,

given that the first jury's damage finding is properly applied to any fraud liability finding the second

jury might make, for the reasons just recited.[1]

Finally, the Court rejects the Defendants' arguments that errors in the implied warranty

verdict require a new trial on those issues.  The jury's findings on the implied warranty claims were

based on sufficient evidence and were made in accordance with law.

Based upon the foregoing, the Court **HEREBY DENIES** Defendants' Motion Concerning

Scope of New Trial (Clerk's Doc. No. 264), and their request the a complete new trial be ordered

in this case.  The new trial will address only Plaintiff's affirmative fraud claim, and the  Plaintiff's

excuse-because-of-fraud defense to the breach of contract claim.

SIGNED this 30th day of January, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1]As discussed at the hearing on this issue, to the extent that the second jury must find
"damage" as an element of fraud, the Court can address that issue by including it within the liability
question on fraud.

4